# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Sidney Ryan, *et al.*,

    Plaintiffs,

vs.

Mesa Unified School District and Joseph Goodman, in his individual capacity,

    Defendants.

2:14-cv-01145 JWS

ORDER AND OPINION

[Re: Motion at Docket 79]

## I. MOTION PRESENTED

At docket 79 plaintiffs Sidney Ryan, Jodi Ryan, and Jeffrey Hills ("Plaintiffs"), move *in limine* for an order excluding certain evidence at trial. Defendant Joseph Goodman ("Goodman") opposes the motion at docket 82. Plaintiffs reply at docket 83.

Oral argument was not requested and would not assist the court.

## II. BACKGROUND

The court has described the background giving rise to this litigation in detail in the order at docket 96. It need not be repeated here. Suffice it to say for purposes of the present motion that Plaintiffs[1] contend that Goodman violated their First Amendment rights in dismissing them from their high school softball team. They now seek an order precluding the following evidence: (1) Christopher P. Thomas' report; (2) B.H.'s social media postings made before or after the 2014 season; (3) various harassment or bullying reports filed with Mesa Public Schools; and (4) the handwritten notes of Athletic Director Steve Harris.

---

[1] K.R. and B.H. are minors whose interests are represented in this case by plaintiffs Jodi Ryan (K.R.'s mother) and Jeffrey Hills (B.H.'s father), respectively.

## III. STANDARD OF REVIEW

The district courts exercise broad discretion when ruling on motions *in limine*.[2] In order for evidence to be excluded under such motions, it must be "clearly inadmissible on all potential grounds."[3] "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[4]

"It is settled law that in limine rulings are provisional. Such 'rulings are not binding on the trial judge [who] may always change his mind during the course of a trial.'"[5] "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."[6]

## IV. DISCUSSION

**A.    Christopher P. Thomas' Report**

After they were dismissed, Sidney Ryan and K.R. complained to Mesa Public Schools ("MPS") that their dismissal was motivated by religious discrimination.[7] Assistant Superintendent Holly Williams investigated these allegations and determined that there was no evidence of discrimination.[8] When the students appealed this

---

[2]*See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

[3]*Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

[4]*Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993).

[5]*United States v. Benedetti*, 433 F.3d 111, 117 (1st Cir. 2005) (quoting *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000)).

[6]*Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

[7]Doc. 81-1 at 138. John Ryan, their father, wrote a separate report that alleged the same thing. Doc. 81-1 at 132-33.

[8]Doc. 81-1 at 148-50.

decision to Associate Superintendent Bruce Cox, Christopher P. Thomas ("Thomas") was asked to investigate the matter further.[9] Thomas reviewed MPS's documents, conducted additional interviews, and submitted a 27-page report that summarizes the facts.[10]

Plaintiffs raise three objections to Thomas' report.[11] First, they assert that the report is inadmissible because Thomas was neither a "fact witness" nor an expert who was disclosed under Federal Rule of Civil Procedure 26(a)(2). Although Goodman does not respond to this argument, it misses the mark because Plaintiffs do not explain why Thomas was not a lay witness. Do they contend that Thomas lacks personal knowledge of the documents he summarized? Or that Thomas did not actually conduct the interviews that he summarized in his report? Plaintiffs do not say. This objection is overruled.

Second, Plaintiffs object that the report is irrelevant under Rule 401, apparently because Plaintiffs think that Thomas is biased and the report was not the product of a "full and fair investigation." These considerations go to the report's weight, not its relevance. This objection is overruled.

Finally, Plaintiffs argue that the report violates Rule 403 because it "was not done as a result of the claims in this case" and therefore will result in unfair prejudice and confusion of the issues.[12] Plaintiffs do not cogently explain why the report would lead to confusion of the issues or unfair prejudice. This objection is overruled.

---

[9]Doc. 79-2 at 2.

[10]Doc. 79-2.

[11]Because Plaintiffs raise their fourth objection, hearsay, for the first time in reply, the court need not consider it. *See Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007) ("[I]ssues cannot be raised for the first time in a reply brief.").

[12]Doc. 79 at 3.

**B.     Social Media Posts**

Plaintiffs next observe that "B.H. was questioned at her deposition regarding certain allegations of social media activity . . . that did not occur during her time on the team in 2014."[13]  They argue that these social media posts are inadmissible because they are irrelevant under Rule 402 and improper character evidence under Rule 404(b)(1).  But, because Plaintiffs do not provide the court with the deposition transcript or copies of the posts that they seek to exclude, the court cannot evaluate the merits of their objections.  They are overruled.

**C.     Harassment and Bullying Reports**

Plaintiffs object to the admission of the harassment and bullying reports that several of their former teammates submitted to MPS because, according to Plaintiffs, the claims in those reports are not supported by "specific facts."[14]  As such, Plaintiffs argue, they are irrelevant and improper character evidence under Rules 402,[15] 404(b)(1), and 608(b).  But, whether the reports are supported by specific facts goes to the weight of those reports, not their admissibility.  A lack of specific facts would not render the reports irrelevant or transform them into improper character evidence.  Plaintiffs' objections are overruled.

**D.     Steve Harris' Notes**

Following Plaintiffs' dismissal, Athletic Director Steve Harris interviewed several players on the team.  Plaintiffs argue that Mr. Harris' notes from these interviews contain inadmissible hearsay under Rule 801.  Plaintiffs seek wholesale exclusion of the notes on hearsay grounds without pinpointing any specific statements that they contend are out-of-court statements offered for the truth of the matter asserted.

---

[13] Doc. 79 at 3.

[14] Doc. 79 at 4.

[15] Plaintiffs cite Rule 401, but this rule merely provides the test for relevant evidence.

Because Plaintiffs do not identify any specific statements that are inadmissible hearsay, the court cannot evaluate the merits of their objections.  This objection is overruled.

## V.  CONCLUSION

Based on the preceding discussion, Plaintiffs' motion *in limine* is DENIED.

DATED this 20th day of July 2016.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT